UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LRC TECHNOLOGIES, LLC                    CIVIL ACTION

VERSUS                                   NO. 11-1011 c/w 11-1420

MARIA MCKEE                              JUDGE LEMELLE
                                         MAGISTRATE JUDGE ROBY

                                         **REFERENCE: ALL CASES**

**ORDER AND REASONS**

Defendant Maria McKee's ("Defendant") Motion to Dismiss
Plaintiff LRC Technologies, LLC's ("Plaintiff") declaratory action
for lack of subject matter jurisdiction or in the alternative for
abstention, (Rec. Doc. No. 29), is **GRANTED.**

**FACTUAL HISTORY**

Ronald Beecher ("Beecher"), an Alabama resident, died April
18, 2011 at East Jefferson General Hospital in Metairie, Louisiana.
(Rec. Doc. No. 31-1 at 5). Plaintiff alleged Beecher worked for it
in mitigating environmental damage following the Deepwater Horizon
oil spill in April 2010. (Rec. Doc. No. 1 at 1). Since his
engagement to Defendant in December 2003 until the time of his
death, Beecher had been sharing a home in Alabama with Defendant.
(Rec. Doc. No. 31-2 at 2). Beecher died before he and Defendant
were married. (Rec. Doc. No. 31-1). The property at issue in this
action includes the Plaintiff company, LRC Technologies and related
assets, an Edgar Hunt painting at the Callan Fine Arts Gallery in
New Orleans, a silverware set, a vehicle and other property alleged

to be part of the Beecher estate.  Civil Action 11- 1011 Rec. Doc. No. 1; Civil Action 11-1420 Rec. Doc. No. 1.

It is alleged that following Beecher's death, on April 19, 2011, Defendant made a demand for money owed to Beecher from LRC Technologies for work done in connection with the BP oil spill and further declared Beecher to be the owner of the company.  (Rec. Doc. No. 35 at 1-2).  Plaintiff asserts Beecher had no ownership interest in the company, instead claiming Nick Popich and Sharon Fraiche to be the only ones with interest in the company.  Rec. Doc. Nos. 48 at 3; 35-2 at 4.  Defendant claims Popich transferred what was a dormant entity, LRC Technologies, to Beecher so he could contract for BP oil spill work.  (Rec. Doc. No. 29-5 at 12).  As to the painting, there exists a contract from 2010 between Beecher and Callan Fine Arts in which Beecher represented himself to be the owner and retained the gallery to sell the painting.  (Rec. Doc. No. 31 at 36,37).  It is alleged Defendant made a demand for the painting following Beecher's death, on April 19, 2011, as part of his estate.  (Civil Action 11-1420 Rec. Doc. No. 1).  Popich contends he is the rightful owner of the painting and further contends Beecher lied about Popich being dead when he contracted with the art gallery. *Id*.

## PROCEDURAL HISTORY

On April 29, 2011, Plaintiff filed a complaint with this Court seeking declaratory judgment.  (Rec. Doc. No. 1).  Plaintiff

alleged Defendant claimed to be Beecher's common-law wife pursuant to Alabama law and as such had rights regarding Plaintiff. *Id*. at 2. Plaintiff sought declaratory relief on: Defendant's status as a common-law wife to Beecher under Alabama law; Defendant's right to Plaintiff's assets; Defendant's right to payments made to Plaintiff and/or Beecher's mother by private entities and government agencies involved in the oil spill; and Defendant's rights to any vessels and equipment purchased and leased for the mitigation work. *Id*. On May 12, 2011, this Court ordered BEF Construction to deposit with the Registry of the Court any funds from a mitigation contract between it and United States Environmental Services in its possession or that it would receive in the future in connection with any claim Plaintiff or Defendant may make on it. (Rec. Doc. No. 8).

On May 27, 2011, Defendant was declared Beecher's common-law surviving spouse and personal representative of his estate by the Probate Court of Shelby County, Alabama. (Rec. Doc. No. 31-1 at 6-7). On June 16, 2011, Popich filed a complaint with this Court against the estate of Ronald Beecher seeking declaratory relief regarding ownership of the painting. (Civil Action 11-1420 Rec. Doc. No. 1). On June 17, 2011, Defendant answered the complaint in Civil Action 11-1011 in her representative capacity of Beecher's estate and alleged she was Beecher's surviving spouse and that Plaintiff had no claim on the funds. (Rec. Doc. No. 19). On July

3

6, 2011, the two cases were consolidated into the instant action. (Civil Action 11-1420 Rec. Doc. No. 4).   On July 22, 2011, Defendant filed a declaratory action in Alabama probate court as representative of Beecher's estate seeking declaratory relief to the ownership of the property at issue in this case.  (Rec. Doc. No. 29-5).   On July 26, 2011, Plaintiff filed in the Alabama proceeding a petition for removal to federal court and a motion to transfer the proceeding to this Court.  (Rec. Doc. No. 48 at 11-12).

## CONTENTIONS OF MOVANT

Defendant's Motion to Dismiss asserts three grounds for dismissal.   Defendant contends this Court lacks subject matter jurisdiction over the action because it falls within the domestic relations and probate exceptions to federal jurisdiction.  (Rec. Doc. No. 29 at 1).   In the alternative, Defendant contends this Court should decline to hear the case based on abstention principles and because the action filed by Plaintiff was in anticipation of litigation and in violation of Fifth Circuit jurisprudence. *Id*.  Specifically, Defendant claims Plaintiff asks this Court to rule on Defendant's marital status to Beecher, putting this case within the domestic relations exception to federal jurisdiction and any ruling by this Court potentially at odds with the Alabama state court that has already ruled Defendant as Beecher's common-law wife.  (Rec. Doc. No. 29-1 at 3).

4

Defendant further contends the probate exception applies because the Alabama probate court has already ruled on the issues raised by Plaintiff and because a proceeding that raises many of the issues in this action is pending in Alabama probate court. *Id*. For these reasons, Plaintiff also argues in the alternative that abstention principles apply and this Court should decline to hear the case. *Id*.

<u>**CONTENTION OF RESPONDENT**</u>

Plaintiff's opposition contends this Court has subject matter jurisdiction and is the most convenient forum to hear the action. (Rec. Doc. No. 48 at 1). Specifically, Plaintiff contends that because it is no longer challenging Defendant's status as Beecher's common law wife or personal representative of his estate, that neither the probate nor the domestic relations exception apply. *Id*. at 3. Plaintiff contends the only issue before the Court is whether Beecher's estate has any interest in the property currently held in the registry of this Court, thus making the action one of ownership that this Court can properly hear. *Id*. Plaintiff contends abstention does not apply in this case because there is no pending state court action in Alabama and because this Court is a much more convenient forum for the parties and witnesses. *Id*. at 4-5.

5

## LAW AND ANALYSIS

## I. Probate and Domestic Relations Exceptions to Subject Matter Jurisdiction

A.   Probate Exception

The probate exception to subject matter jurisdiction states a federal court has no jurisdiction to probate a will or administer an estate. *Markham v. Allen*, 326 U.S. 490, 494 (1946).  However, the probate exception is narrow, and a federal court has jurisdiction to entertain suits by claimants against a decedent's estate "'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court." *Markham*, 326 U.S. at 494 (quoting *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43 (1909)).  In determining whether a suit in federal court "interferes" with state probate proceedings, the court must determine whether the plaintiff's claim "implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties." *Blakeney v. Blakeney*, 664 F.2d 433, 434 (5th Cir. 1981).

Further, while a federal court may adjudicate whether a party has a claim against an estate, it may not prematurely adjudicate distribution or valuation of estate assets. *Turton v. Turton*, 644 F.2d 344, 347 (5th Cir. 1981).  However, once a will has been

probated, the danger of federal interference is abated and "an action by a legatee, heir, or other claimant against an executor becomes a suit between the parties that is a justiciable controversy within the scope of federal jurisdiction if the other jurisdictional requirements are met." *Akin v. Louisiana National Bank*, 322 F.2d 749, 751 (5th Cir. 1963). Suits against personal representatives in their individual capacities are beyond federal jurisdiction "if it requires a premature accounting of an estate still in probate." *Breaux v. Dilsaver*, 254 F.3d 533, 537 (5th Cir. 2001).

Defendant contends the probate exception applies because she has been declared the personal representative of Beecher's estate by the Alabama probate court, and any ruling in this action by this Court would interfere with her duties in that capacity to account for and distribute estate assets. (Rec. Doc. No. 29-1 at 6). Plaintiff contends it is not challenging Defendant's appointment as personal representative to Beecher's estate, nor any probate matters, but is instead challenging the claim that Beecher owned LRC Technologies and the Hunt Painting, thus making the issue before the Court one of ownership. (Rec. Doc. No. 48 at 9). With regard to the painting, the sales contract between Callan Fine Arts and Beecher from 2010 represents that Beecher was the owner of the painting. (Rec. Doc. No. 31 at 34). Further, Defendant petitioned and was declared by the Alabama probate court to be personal

representative of Beecher's estate and made a written demand for the painting and other property, which is the subject of Civil Action 11-1420, as part of the estate in accordance with Alabama law and before Popich filed his action seeking a declaration from this Court that Beecher's estate has no interest in the property. Rec. Doc. No. 31 at 36,37; Civil Action 11-1420, Rec. Doc. No. 1.

Therefore, despite Plaintiff asserting this is a dispute over ownership, Beecher appears to have owned the property prior to his death and his estate claimed the property after his death, meaning Popich contests the validity of Beecher's estate. Ala. R.S. §43-2-830 (property of decedent devolves to estate at death); Ala. R.S. §43-2-839 (personal representatives have all powers over estate property as true owner would); Ala. R.S. §43-2-837 (personal representative may take action to recover estate property). To grant the declaratory judgment Popich seeks in Civil Action 11-1420 would amount to this Court ordering a premature accounting of Beecher's estate, which would interfere with the open probate proceeding of Beecher's estate in Alabama and Defendant's duties as personal representative under that state's law. *Turton*, 644 F.2d at 347; Ala. R.S. §43-2-835 (requiring personal representative to submit to probate court within two months of appointment an accounting of the estate property). Therefore, Civil Action 11-1420 falls within the probate exception and should be dismissed.

B.   Domestic Relations Exception

The domestic relations doctrine excepts from federal

jurisdiction "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). The exception is narrow, and a case should not be dismissed because a domestic dispute forms part of the litigation. *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987). It is incumbent upon the court to discern the true nature of suit to estop parties from availing themselves to the federal court to litigate a domestic dispute cloaked in another claim. *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1079 (5th Cir. 1990). Dismissal is proper if hearing the case necessitates an inquiry into a domestic issue such as a marital or parent-child relationship. *Id.*

Defendant contends dismissal is proper under the domestic relations exception because Plaintiff seeks declaratory judgment that requires an inquiry into Defendant's marital status that could lead to conflicting federal and state decisions were the Court to rule on this issue. (Rec. Doc. No. 29-1 at 7). Plaintiff contends it is not challenging Alabama's ruling that Defendant is Beecher's common-law wife and that this case has evolved from an action for declaratory judgment into a dispute over property, thus putting it outside the domestic relations exception. (Rec. Doc. No. 48 at 3). Despite Plaintiff's assertions to the contrary, Plaintiff continues to make issue of Defendant's marital status. Plaintiff has sued Defendant in her individual capacity and asserts in his opposition that Defendant should be compelled to make an appearance in the

9

action in that capacity rather than her representative capacity of the estate. (Rec. Doc. No. 48 at 1). Plaintiff also has a pending motion for summary judgment before the Court that contains allegations against Defendant based on the validity of her relationship to Beecher. (Rec. Doc. No. 35).

Further, strictly adhering to Plaintiff's complaint in this action would require an inquiry into her marital status with Beecher because Plaintiff seeks declaratory relief as to her interest in LRC Technologies and related assets. (Rec. Doc. No. 1 at 2). However, in determining whether the domestic relations exception applies, the Court must divine the true nature of the action before it, and Plaintiff correctly identifies the true nature of this dispute as one over property between Plaintiff and Beecher's estate. *Congleton*, 919 F.2d at 1079. Defendant has already been declared in Alabama Beecher's common-law wife and heir and will only have an interest in the property in this action if Beecher's estate has an interest in it. (Rec. Doc. No. 31-1 at 6-7). Were the Court to rule in such a manner, inquiring into Defendant's marital status--while technically the relief Plaintiff seeks--would be unnecessary because the Court would have already adequately settled the property dispute. Thus, it appears Civil Action 11-1011 is outside the domestic relations exception and cannot be dismissed on those grounds. *Congleton*, 919 F.2d at 1079. However, for other articulated reasons, it is not necessary for the Court to conclusively decide this issue.

10

## II. Declaratory Action

When a federal suit solely seeks declaratory relief, the district court's discretion to stay or dismiss the suit is governed by the standard derived from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995). A declaratory judgment action necessitates a three-step inquiry. First, the court must determine whether the declaratory action is justiciable, that is, whether an "actual controversy" exists between the parties. See *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir. 1989). Second, the court must resolve whether it has the authority to grant declaratory relief. See *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993). Third, the court must decide whether to exercise the discretion granted to it to hear the declaratory action. *Id*. at 778.

The Fifth Circuit has developed the following six-factor test to determine whether to consider a declaratory action: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether the possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change

forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. *Id*.

Assuming the present action is justiciable and the Court is with authority to hear the case, it should exercise its discretion and decline to do so based on the six factor test. With regard to the first factor, as discussed above, this action involves property allegedly involved in the probate proceedings of Beecher's estate. While the Alabama probate action filed by Defendant has been removed to federal court, that petition is still pending, and regardless, the courts of that state are better suited to hear a dispute over property of a decedent's estate from that state. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-91 (5th Cir. 2003)(When "the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issue is pending, generally the state court should decide the case."); *See also Puga v. Hastings*, Slip Copy, 2011 WL 2142801, *2 (E.D.La. 2011)(declining to hear a case because plaintiff alleged only issues of Texas state contract law, and those issues are before the Texas state court); *See also Estate of Merkel v. Pollard*, 354 Fed.Appx. 88, 94 (5th Cir. 2009) (declining to hear estate's dispute with defendant over property because the case turned "entirely on Texas domestic relations law" and whether decedent and defendant were married at decedent's death).

To the second factor, it is clear from Plaintiff's filings the actions were filed in anticipation of a lawsuit filed by Defendant when it states Defendant made demands for Beecher's alleged property, and "as a consequence" of those demands, "LRC filed a declaratory judgment action in this Court." (Civil Action 11-1420 Rec. Doc. No. 1 at 3). Thirdly, where a party files an anticipatory declaratory action before the declaratory defendant is legally able to bring a state action, improper "procedural fencing" may be found. *Sherwin-Williams Co.*, 343 F.3d at 397. Alabama law requires a person wishing to be named personal representative of an estate to wait five days after the decedent's death to seek appointment as such. Ala. R.S. § 43-2-45. In the instant case, Beecher died intestate in April 18, 2011, making April 23, 2011, the first day any person could have been appointed as his personal representative. (Rec. Doc. No. 31-1 at 5). Alabama law also requires the probate court appoint certain individuals as personal representative in order of priority of (1) the decedent's widow, (2) next of kin entitled to share in the distribution of the estate, (3) The largest creditor of the estate residing in this state, or (4) Any other person as the judge of probate may appoint. Ala. R.S. § 43-2-42. In Defendant's case, she would have to wait even longer than the minimum five days because she first needed to be declared his common-law wife to take precedence over Beecher's parents in order of appointment under Alabama law, which is what she did. (Rec. Doc. No. 31-1 at 6-7). However, the instant action

13

by Plaintiff was filed on April 29, 2011, amounting "procedural fencing" of Defendant who would have only had six days to be declared Beecher's common-law wife and personal representative and then file a lawsuit against Plaintiff in a race to the courthouse. Rec. Doc. No. 1; *Sherwin-Williams Co.*, 343 F.3d at 397.

Factors four and five are neutral because the Court has not been made aware of any advantage Plaintiff gains in litigating in Louisiana over Alabama. Further, it is just as inconvenient for Defendant to travel to New Orleans to litigate the matter here as it is for Plaintiff to travel to Alabama, and this Court hearing the case would result in necessary parties - Defendant - being absent as well as piecemeal litigation because, as discussed above, Civil Action 11-1420 should be dismissed under the probate exception. *Sherwin-Williams Co.*, 343 F.3d at 390-91 ("A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts."). However, with regard to the last factor, judicial economy is not served by keeping the matter in Louisiana federal court because, as discussed above, this action involves matters of probate in which the state courts of Alabama are better suited to hear.

Therefore, the factors weigh in favor of declining to hear the declaratory action.

## CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No 27) is **GRANTED.** Specifically, Defendant's motion to dismiss is granted because this Court lacks subject matter jurisdiction on the basis of the probate exception. Further, the Court exercises its discretion in declining to hear the declaratory action. More appropriate and available relief can be obtained within the Alabama court system where the underlying probate and related actions were initially filed.

New Orleans, Louisiana, this 2nd day of September, 2011.

UNITED STATES DISTRICT JUDGE